IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

**RICKEY WHITE,**

    **Petitioner,**

v.

**CASEY HAMILTON,**

    **Respondent.**

Case No. 24-CV-332-JFH-DES

**OPINION AND ORDER**

    Petitioner Rickey White ("Petitioner"), a self-represented state prisoner, brings this action pursuant to 28 U.S.C. § 2254, seeking federal habeas relief from the judgment entered against him in the District Court of Choctaw County, Oklahoma, Case No. CRF-1981-83. Dkt. No. 1. Respondent Casey Hamilton ("Respondent") moved to dismiss the petition for lack of jurisdiction, arguing that it is an unauthorized second or successive petition under 28 U.S.C. § 2244(b). Having considered the petition [Dkt. No. 1], the supplement to the petition [Dkt. No. 28], and Respondent's motion to dismiss [Dkt. No. 23] and brief in support [Dkt. No. 24], the Court grants Respondent's motion and dismisses the petition without prejudice for lack of jurisdiction.

    Under 28 U.S.C. § 2244(b), a federal district court must dismiss claims asserted in a second or successive petition if those claims were "presented in a prior application." 28 U.S.C. § 2244(b)(1). In limited circumstances, the district court may consider claims presented in a second or successive petition if those claims were not presented in a prior petition. 28 U.S.C. § 2244(b)(2). However, before a state prisoner files a second or successive petition in federal district court, the prisoner must first file a motion "in the appropriate court of appeals for an order authorizing the district court to consider" the second or successive petition. 28 U.S.C. § 2244(b)(3)(A). The district court lacks "jurisdiction to address the merits of a second or successive" § 2254 petition

"until [the court of appeals] has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

The Court's records reflect that Petitioner repeatedly has challenged his conviction and sentence in this Court. His first habeas corpus petition was dismissed without prejudice for failure to exhaust state court remedies. *White v. Ward*, No. 95-CV-607-FHS-JHP (E.D. Okla. Mar. 12, 1997). Plaintiff filed another § 2254 petition in 2000, which was dismissed as barred by the statute of limitations. *White v. Gibson*, No. 00-CV-075-FHS-KEW (E.D. Okla. Mar. 31, 2003). Since then, Petitioner has filed at least ten successive § 2254 habeas petitions in this Court: Case Nos. 12-CV-001-RAW-KEW, 12-CV-071-RAW-KEW, 12-CV-196-FHS-KEW, 12-CV-306-RAW-KEW, 13-CV-185-RAW-KEW, 19-CV-080-JHP-KEW, 20-CV-116-RAW-KEW, 20-CV-371-JFH-KEW, 21-CV-108-RAW-KEW, and 21-CV-281-RAW-KEW. Thus, the instant petition is a second or successive habeas petition. Petitioner, however, has not indicated that he received prior authorization from the Tenth Circuit under § 2244(b)(3) prior to filing this action.

"When a second or successive § 2254 . . . claim is filed in the district court without the required authorization from [the court of appeals], the district court may transfer the matter to [the court of appeals] if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d at 1252. Here, the Court finds the "interest of justice" does not warrant transfer. Petitioner has repeatedly been advised of the necessity of the required authorization and has repeatedly ignored that requirement, suggesting his petition was not filed in good faith. *See id.* at 1251 (explaining that, when deciding whether a transfer is in the interest of justice, courts may consider "whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction").

Based on the foregoing, the Court grants Respondent's motion to dismiss [Dkt. No. 23] and dismisses the petition for lack of jurisdiction.  In addition, the Court declines to issue a certificate of appealability because the Court finds that no reasonable jurists would debate the procedural dismissal of the petition.  28 U.S.C. § 2253(c); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IT IS THEREFORE ORDERED that:

1. Respondent's motion to dismiss [Dkt. No. 23] is GRANTED;

2. The petition for writ of habeas corpus [Dkt. No. 1] is DISMISSED without prejudice for lack of jurisdiction;

3. All remaining pending motions [Dkt. Nos. 6, 7, 8, 26, 27] are DENIED as moot;

4. A certificate of appealability is DENIED; and

5. A separate judgment of dismissal shall be entered in this matter.

Dated this 11th day of April, 2025.

                                                                                               _____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE